# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION

**CYNTHIA BRUBAKER,**

    **Plaintiff,**

                              **Civil Action 2:18-cv-00441**
                              **Judge George C. Smith**
    **v.**                           **Magistrate Judge Elizabeth P. Deavers**

**LENNOX INDUSTRIES, INC., *et al.*,**

    **Defendants.**

## OPINION and ORDER

This matter is before the Court for consideration of Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 13), Plaintiff's Motion to Stay the Motion for Partial Dismissal Pending the Outcome of Plaintiff's Motion to Amend the Complaint (ECF No. 14), Defendant's Memorandum in Opposition to both of Plaintiff's Motions (ECF No. 15), and Plaintiff's Reply Memorandum (ECF No. 16). For the following reasons, Plaintiff's Motion for Leave to File Second Amended Complaint is **GRANTED**. Therefore, Defendants' Motion for Partial Dismissal (ECF No. 12) is **DENIED AS MOOT**. Finally, Plaintiff's Motion to Stay the Motion for Partial Dismissal (ECF No. 14) is **DENIED AS MOOT**.

## I.

Plaintiff filed her original Complaint on May 4, 2018. (ECF No. 1.) On June 13, 2018, Plaintiff filed an Amended Complaint. (ECF No. 2.) Defendant responded on October 4, 2018 with a Motion for Partial Dismissal (ECF No. 12), asking the Court to dismiss Plaintiff's claims under Title VII (Count IV), Family and Medical Leave Act ("FMLA") interference (Count VII),

1

and FMLA retaliation (Count VIII) for failure to state claims upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6). Plaintiff filed her Motion for Leave to File Second Amended Complaint (ECF No. 13) and Motion to Stay the Motion for Partial Dismissal (ECF No. 14) on October 22, 2018 as separate motions. Plaintiff's proposed Second Amended Complaint is attached to her Motion for Leave to File Second Amended Complaint. (ECF No. 13-1.)

## II.

Pursuant to Federal Rule of Civil Procedure 15(a)(2), the Court should give leave for a party to amend its pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). As the United States Court of Appeals for the Sixth Circuit has noted, Rule 15(a) supports the principle of trying cases on their merits, rather than on technicalities, and thus "assumes 'a liberal policy of permitting amendments.'" *Inge v. Rock Fin. Corp.*, 388 F.3d 930, 937 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) and *Ellison v. Ford Motor Co.*, 847 F.2d 297, 300 (6th Cir. 1988)).

Courts consider several factors in determining whether a party should be permitted leave to amend a pleading, including "undue delay in filing, lack of notice to opposing party, bad faith by the moving party, repeated failure to cure deficiencies by previous amendment, undue prejudice to the opposing party, and futility of the amendment." *Seals v. Gen. Motors Corp.*, 546 F.3d 766, 770 (6th Cir. 2008) (citing *Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001)). In addition, when considering the issue of prejudice, a court must ask whether allowing amendment would "require the opponent to expend significant additional resources to conduct discovery or prepare for trial" or cause considerable delay in resolving the dispute. *Phelps v. McClennan*, 30 F.3d 658, 662–63 (6th Cir. 1994).

**III.**

Having considered these factors, the Court concludes that justice requires Plaintiff be permitted leave to amend. Defendants provide multiple reasons for opposing the amendment. Defendants maintain that leave to amend should be denied because of undue delay, the repeated failure to correct pleading errors, and unfair prejudice to them. The Court addresses each of these arguments in turn.

Defendants' contention that Plaintiff has caused undue delay is not well taken because this case is in its early stages. The discovery deadline is not until October 1, 2019. (ECF No. 8.) Furthermore, Plaintiff brings no new claims. The first set of discovery that Defendants served on Plaintiff on October 5, 2018 covers all of Plaintiff's current and proposed amended claims. (ECF No. 16, at p. 5-6.) Moreover, "[d]elay alone, however, does not justify the denial of leave to amend. Rather, the party opposing a motion to amend must make some significant showing of prejudice to prevail." *Sec. Ins. Co. of Hartford v. Kevin Tucker & Assocs., Inc.*, 64 F.3d 1001, 1009 (6th Cir. 1995) ("Delay that is neither intended to harass nor causes any ascertainable prejudice is not a permissible reason, in and of itself to disallow an amendment of a pleading.") (citations omitted).

Defendants' assertion that Plaintiff has caused unfair prejudice is also not well taken. Defendants support this contention only by arguing that they will have to defend against a Second Amended Complaint, forcing them to incur unnecessary costs. (ECF No. 15, at p. 7-8.) Defendants, however, filed their current-pending Motion for Partial Dismissal that considers the alleged deficiencies in Plaintiff's Amended Complaint claim-by-claim. The allegations in the Second Amended Complaint are not so different as to render the work on the Motion useless. Further, in their futility analysis of their Memorandum in Opposition to the instant Motion,

Defendants set out in detail why, in their view, the claims should be dismissed. Any costs incurred in a second motion to dismiss are, therefore, likely to be minimal. *See Ernst v. City of Dayton*, No. C-3-01-145, 2004 WL 5345483, at *2 (S.D. Ohio Mar. 10, 2004) (finding Defendants failed to identify unfair prejudice they would suffer if Plaintiff permitted to file a second amended complaint in part because Defendants had already set forth arguments on Plaintiff's proposed amended claims in a reply memorandum). Even if Defendants have suffered some prejudice, "a finding of prejudice is not an absolute requirement for denying leave to amend." *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986) (citation omitted).

Finally, the Court addresses Defendants' stated reasoning that the amended complaint is futile. The Court declines to resolve this question here because "denying a motion for leave to amend on grounds that the proposed new claim is legally insufficient is, at least indirectly, a ruling on the merits of that claim." *Durthaler v. Accounts Receivable Mgmt., Inc.*, No. 2:10-CV-1068, 2011 WL 5008552, at *4 (S.D. Oct. 20, 2011). This Court has recognized the "conceptual difficulty presented" when a Magistrate Judge, who cannot by statute ordinarily rule on a motion to dismiss, is ruling on the merits of a claim in a motion for leave to amend. *See, e.g., id.* (recognizing the "conceptual difficulty presented"), *and* 28 U.S.C. § 636(b)(1)(A) ("[A] judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court, except a motion . . . to dismiss for failure to state a claim upon which relief can be granted . . . .").

Considering this procedural impediment, the Court concludes that the better course would be to permit Plaintiff to file her Second Amended Complaint with the understanding that Defendants are free to challenge the amended claims against it through a new motion to dismiss. *See Durthaler*, 2011 WL 5008552 at *4 ("[I]t is usually a sound exercise of discretion to permit

4

the claim to be pleaded and to allow the merits of the claim to be tested before the District Judge by way of a motion to dismiss."); *Morse/Diesel, Inc. v. Fid. & Deposit Co. of Md.*, 715 F. Supp. 578, 581 (S.D.N.Y. 1989) ("The trial court has the discretion to grant a party leave to amend a complaint, even where the amended pleading might ultimately be dismissed.").

## IV.

For the reasons set forth above, Plaintiff's Motion for Leave to File Second Amended Complaint (ECF No. 13) is **GRANTED**. The Clerk is **DIRECTED** to file Plaintiff's Second Amended Complaint, attached to her Motion as Exhibit 1. (ECF No. 13-1.) Therefore, Defendants' Motion for Partial Dismissal (ECF No. 12) is **DENIED AS MOOT**. Finally, Plaintiff's Motion to Stay the Motion for Partial Dismissal (ECF No. 14) is **DENIED AS MOOT**.

**IT IS SO ORDERED.**

Date: November 26, 2018        /s/ *Elizabeth A. Preston Deavers*
ELIZABETH A. PRESTON DEAVERS
UNITED STATES MAGISTRATE JUDGE